LAW OFFICES OF MICHAEL ALLIANCE
Michael Alliance, Esq. (CA Bar #282737)
24930 Washington Ave, #792
Murrieta, CA 92564
Tel: (951) 266-9123
MA@TheAllianceLawyers.com

Attorney for Defendant
DEBBIE A. SUH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KOREA DEPOSIT INSURANCE CORPORATION, a Bankruptcy Trustee for Tomato Savings Bank Co., Ltd.,<br><br>Plaintiff,<br>v.<br><br>DEBBIE A. SUH,<br><br>Defendant. | CASE NO. 5:26-cv-03581-JGB-DTB<br><br>**DECLARATION OF MICHAEL ALLIANCE, ESQ. REGARDING MEET AND CONFER EFFORTS**<br><br>**Date: 10/26/2026**<br>**Time: 9:00 a.m.**<br>**Courtroom: 1** |

I, MICHAEL ALLIANCE, ESQ. declare as follows:

1. I am an attorney duly admitted to practice before this Court and counsel for Defendant Debbie A. Suh. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.
2. Prior to filing Defendant Debbie Suh's Motion to Dismiss, I communicated with counsel for Plaintiff regarding the legal and factual issues raised by the

anticipated motion in an effort to determine whether the issues could be resolved without Court intervention.

3. On April 24, 2026, Plaintiff's counsel provided me with a copy of Plaintiff's Complaint before it was filed.

4. On April 27, 2026, I met and conferred with Nathan Park, Esq. regarding the Complaint and Defendant's anticipated Motion to Dismiss. During that discussion, we addressed the legal and factual bases for the contemplated motion.

5. On April 28, 2026, I again met and conferred with Nathan Park, Esq. regarding Defendant's anticipated Motion to Dismiss. During that discussion, we engaged in a substantive discussion regarding the legal and factual bases for the contemplated motion. Nathan Park, Esq. continued to oppose Defendant's position, and the issues remained unresolved.

6. Following service of the Complaint on Defendant Debbie Suh, I again communicated with Plaintiff's counsel in an effort to determine whether the issues raised by Defendant's anticipated Motion to Dismiss could be resolved without Court intervention.

7. On August 4, 2026, I spoke with Sarah Malik, Esq., regarding Defendant's anticipated Motion to Dismiss. During that conversation, Ms. Malik advised that she would be available to meet and confer regarding the issues for the

contemplated motion the following day on August 5, 2026 at any time before 12:00 p.m. or at any time after 2:00 p.m.

8. On August 5, 2026, at approximately 2:03 p.m., I contacted Plaintiff's counsel's office and requested to speak with Ms. Malik. I was informed that Ms. Malik was unavailable, and I left a message requesting that she return my call.

9. Shortly thereafter on August 5, 2026, Ms. Malik returned my call. We met and conferred regarding Defendant's anticipated Motion to Dismiss. During our meet and confer, I explained Defendant's legal and factual bases for the contemplated motion. Counsel for Plaintiff opposed Defendant's position. We engaged in a substantive discussion regarding the issues raised by the anticipated motion but were unable to reach a resolution.

10. Counsel engaged in multiple discussions regarding Defendant's anticipated Motion to Dismiss, responded to one another's respective positions, and were afforded meaningful opportunities to discuss the legal and factual issues raised by the contemplated motion in an effort to resolve the issues without Court intervention. Despite those discussions, the parties were unable to resolve the issues raised by the anticipated motion.

11. Accordingly, Defendant files the accompanying Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 6, 2026

Michael Alliance, Esq.