KIBLER FOWLER & CAVE LLP
Michael D. Kibler (SBN 243982)
mkibler@kfc.law
Sarah Malik (SBN 342369)
smalik@kfc.law
11100 Santa Monica Blvd., Suite 600
Los Angeles, California 90025
Telephone: (310) 409-0400
Facsimile: (310) 409-0401

*Attorneys for Plaintiff Korea Deposit Insurance Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

KOREA DEPOSIT INSURANCE CORPORATION, a Bankruptcy Trustee for Tomato Savings Bank Co., Ltd.,,

Plaintiff,

v.

DEBBIE A. SUH, YOUNG HUN LEE, and DOES 1 to 50, inclusive,

Defendant.

CASE NO. 5:26–cv–03581 JGB (DTB)

**PLAINTIFF KOREA DEPOSIT INSURANCE CORPORATION'S OPPOSITION TO DEFENDANT DEBBIE SUH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Time: 9:00 a.m.
Date: October 26, 2026

Assigned to Honorable Jesus G. Bernal
Courtroom: 1

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

A. KDIC's Claim Over Defendant Suh ........ 2

B. Defendants' Fraudulent Transfer of Their Marital Home ........ 2

III. ARGUMENT ........ 3

A. Legal Standard ........ 3

B. The Complaint Plausibly Alleges Defendant Suh's Inter-Spousal Fraudulent Transfer ........ 4

1. The Complaint Adequately Alleges Fraudulent Transfer Under the UVTA ........ 4

2. Defendant's Arguments are Improper at the Pleading Stage ........ 6

C. The Complaint Adequately Alleges Defendant Suh's Actual and Constructive Intent ........ 8

1. The Complaint Adequately Alleges Actual Intent to Hinder, Delay or Defraud ........ 8

2. The Complaint Adequately Alleges Constructive Intent for Fraudulent Transfer ........ 9

D. The Common Law Fraudulent Conveyance Claim Is Equally Well-Plead ........ 10

E. In the Alternative, Plaintiff Should Be Granted Leave to Amend ........ 10

IV. CONCLUSION ........ 11


Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 3

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ... 3

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ... 10

*Filip v. Bucurenciu*,
129 Cal. App. 4th 825 (2005) ... 8

*In re Marriage of Valli*,
58 Cal.4th 1396 ... 7

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ... 6

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ... 6

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ... 10

*Mejia v. Reed*,
(2003) 31 Cal.4th 657 ... 4

*Rupp v. Kahn*,
(1966) 246 Cal.App.2d 188 ... 5

*Soo Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) ... 10

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 3, 7
*State Bd. of Equalization v. Woo*,
(2000) 82 Cal.App.4th 481 .......... 4, 5
*Sturm v. Moyer*,
(2019) 32 Cal.App.5th 299 .......... 4
*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 6

**Statutes**

Cal. Civ. Code § 3439.01(b) .......... 1, 5
Cal. Civ. Code § 3439.01(c) .......... 1
Cal. Civ. Code § 3439.01(d) .......... 5
Cal. Civ. Code § 3439.02(a) .......... 2
Cal. Civ. Code § 3439.04(a) .......... 1, 2
Cal. Civ. Code § 3439.04(a)(1) .......... 9
Cal. Civ. Code § 3439.04(a)(2) .......... 9
Cal. Civ. Code § 3439.04(b) .......... 8
Cal. Civ. Code § 3439.04(b)(1) .......... 8
Cal. Civ. Code § 3439.04(b)(10) .......... 8
Cal. Civ. Code § 3439.04(b)(2) .......... 8
Cal. Civ. Code § 3439.04(b)(4) .......... 8
Cal. Civ. Code § 3439.04(b)(9) .......... 8
Cal. Civ. Code § 3439.05 .......... 9
Cal. Fam. Code § 760 .......... 4, 7
Cal. Fam. Code § 851 .......... 4
Cal. Fam. Code § 852(a) .......... 7

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1, 3, 6, 7
Fed. R. Civ. P. 15(a)(2).......... 10

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

Plaintiff Korea Deposit Insurance Corporation ("Plaintiff" or "KDIC") by and through counsel, respectfully submits this Opposition to Defendant Debbie Suh's Motion to Dismiss ("Motion to Dismiss").

## I. INTRODUCTION

Plaintiff's complaint alleges a straightforward case: six weeks after being personally served in a lawsuit to recognize a US $1.24 million South Korean judgment against her, Defendant Debbie Suh ("Defendant" or "Suh") and her husband, Defendant Young Hun Lee ("Defendant Lee" or "Lee"), sold their $2.2 million marital home and characterized the entire proceeds as the husband's separate property. *See* Compl. at ¶¶ 3, 20-23. These allegations, accepted as true and viewed in the light most favorable to the Plaintiff, plausibly state claims for voidable transfer under both the California Uniform Voidable Transactions Act ("UVTA") and common law.

Unable to resist this conclusion, Defendant resorts to a misstatement of the legal standard, repackaging factual disputes as pleading deficiencies. Remarkably, other than a perfunctory walk-through of the Rule 12(b)(6) standard, Defendant does not cite a single statute or case law that supports her position—because there is no such law. *See* Motion at 7-19.

Defendant confuses the simplicity of Plaintiff's allegations as pleading deficiencies. But Plaintiff's allegations are simple because Defendant's fraud is so blatant. Under the UVTA, a transfer made by a debtor is voidable as to a creditor if the debtor made the transfer with the actual or constructive intent to hinder or delay the creditor. *See* Cal. Civ. Code § 3439.04(a). The Complaint alleges all the elements that UVTA requires.

Plaintiff is a "creditor" of Defendant, because Plaintiff holds a right to payment over Defendant. *See* Cal. Civ. Code § 3439.01(b)-(c); *see also* Compl. at ¶¶ 11-18. Defendant made a transfer, *i.e.* parting with an interest in an asset, because she transferred her interest in marital community property to her husband as the

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

husband's separate property. *See* Cal. Civ. Code § 3439.04(a); *see also* Compl. at ¶¶ 22-23. Defendant made the transfer either with the actual intent to hinder or delay Plaintiff, or with the constructive intent by not receiving reasonably equivalent value and leaving Defendant insolvent. *See* Cal. Civ. Code § 3439.02(a); Compl. at ¶¶ 26-27.

Nothing further is necessary; accordingly, the Motion should be denied. Alternatively, if the Court should find that further allegations are necessary, the Court should give leave to amend, as Plaintiff may easily make the additional allegations necessary for the UVTA and common law fraudulent transfer claims.

## II. BACKGROUND

### A. KDIC's Claim Over Defendant Suh

Plaintiff KDIC is a quasi-governmental organ of the Republic of Korea (South Korea), analogous to the Federal Deposit Insurance Corporation. Compl. ¶ 5. KDIC holds a judgment against Defendant Suh in the amount of approximately US $1,241,318 (KRW 1,820,269,340) plus applicable interest (the "Korean Judgment"), arising from a loan (the "Loan") that Suh obtained from Tomato Savings Bank Co., Ltd., a failed institution that KDIC came to oversee. *See id*. ¶¶ 2, 5, 11.

In 2013, KDIC sued Suh in the Suwon District Court in South Korea (Case No. 2013 Gadan 34692), and the court entered judgment against her. *See id*. ¶ 12. Suh appeared through counsel in 2020 and challenged service; the appellate court (Case No. 2018 Na 54323) vacated the initial judgment on service grounds but, on the merits, found the Loan and Suh's signature and seal authentic, and entered a judgment of KRW 956,166,827 plus interest. *See id*. ¶¶ 13-15. Suh appealed to the Korean Supreme Court (Case No. 2021 Da 220000), which affirmed the judgment on June 24, 2021, rendering it final and enforceable. *See id*. ¶ 16. Although partial satisfactions have occurred, the Korean Judgment remains outstanding. *See id*. ¶ 17.

### B. Defendants' Fraudulent Transfer of Their Marital Home

On November 19, 2025, KDIC filed suit in this Court to recognize the Korean

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act, case number 5:25-cv-3113-SSS-MBK (the "Recognition Action"). *See id*. ¶¶ 18-19. KDIC filed a First Amended Complaint on December 12, 2025. *See id*. ¶ 18. On February 11, 2026, KDIC personally served Suh at her workplace. *See id*. ¶ 20.

Approximately six weeks after being served, on or about March 30, 2026, Defendants sold their $2.2 million marital home and declared it to be the separate property of Defendant Lee, effectively transferring Suh's community-property interest. *See id*. ¶¶ 3, 21–22. The Complaint alleges, upon information and belief, that this separate-property declaration was pretextual—a ploy to divert Suh's assets beyond KDIC's reach by recharacterizing marital community property as Lee's separate property, with intent to hinder, delay, or defraud KDIC. *See id*. ¶ 23.

## III. ARGUMENT

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not require probability; it requires only that the complaint plead "factual content that allows the court to draw the reasonable inference that the defendant is liable[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Critically, where two alternative explanations are both plausible, the plaintiff's complaint survives; dismissal is appropriate only where the defendant's alternative explanation is "so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original.)

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

### B. The Complaint Plausibly Alleges Defendant Suh's Inter-Spousal Fraudulent Transfer

#### 1. *The Complaint Adequately Alleges Fraudulent Transfer Under the UVTA*

Fraudulent transfer between spouses happens frequently, and is regularly litigated under the UVTA. A common form of spousal fraudulent transfer involves re-characterizing, or "transmuting", community marital property as separate property. *See, e.g., Sturm v. Moyer* (2019) 32 Cal.App.5th 299, 306 (premarital agreement creating separate properties may be fraudulent transfer); *State Bd. of Equalization v. Woo* (2000) 82 Cal.App.4th 481, 484 (transmuting marital community property to separate property is fraudulent transfer); *Mejia v. Reed* (2003) 31 Cal.4th 657, 664-669 (marital settlement agreement that designated marital community property as separate property is fraudulent transfer); *see also* Cal. Fam. Code § 851 ("A transmutation is subject to the laws governing fraudulent transfers.").

This is precisely what Plaintiff alleged in the Complaint. The Complaint alleges that the Defendants had a "marital home" and that Defendants Suh and Lee "were and are currently married." Compl. at ¶¶ 3, 22. Under California law, "[e]xcept as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760. The Complaint alleges that Suh transferred her interest in the marital home to Lee by re-characterizing it as Lee's separate property. *See* Compl. at ¶¶ 22-23.

Defendant's Motion to Dismiss repeats the same argument several times, that the Complaint makes a legal conclusion rather than a factual allegation. *See* Motion at 9, 10. Wrong. The Complaint's allegation of "marital home" (Compl. at ¶¶ 3, 22) and the Defendants current marital status (*see* Compl. at ¶ 22) are both factual allegations that trigger a well-established statutory presumption under the California Family Code.

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

Defendant claims that the Complaint is deficient because it "alleges no facts concerning how the property was acquired, the source of funds used to acquire it, the basis upon which Plaintiff contends Debbie Suh acquired a community property interest, or the legal effect of the deed Debbie Suh allegedly executed." Motion at 9. Defendant also arguments that the Complaint does not "allege facts describing the legal purpose of the deed, the rights Debbie Suh allegedly relinquished, or the mechanism by which Defendant Young Lee acquired anything from Debbie Suh." *Id.*

Defendant cites no law for these arguments, because that is not the law. The Complaint alleges that Defendant Suh had a community property interest in her marital home, but re-characterized that interest as separate property to avoid having that interest be subjected to Plaintiff's claim. *See* Compl. at ¶¶ 22-23. This is more than sufficient to allege fraudulent transfer. *See, e.g.*, *State Bd. of Equalization,* 82 Cal.App.4th 481 (transmuting marital community property to separate property is fraudulent transfer).

Defendant also argues, again with no legal support, that "Plaintiff's claims are premature at best." Motion at 5. Incorrect. The UVTA defines a "claim" as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Cal. Civ. Code § 3439.01(b). A "creditor" is "a person that has a claim." Cal. Civ. Code § 3439.01(d). KDIC holds the Korean Judgment—a final and enforceable judgment of the courts of South Korea. Compl. ¶ 16. That judgment constitutes a "right to payment" regardless of whether California courts have yet formally recognized it.

Indeed, the purpose of the UVTA is to prevent precisely the kind of asset dissipation alleged here—transfers designed to place assets beyond a creditor's reach while the creditor seeks to enforce its rights. *See Rupp v. Kahn* (1966) 246 Cal.App.2d 188, 197 (UVTA permits "even the holder of an unmatured claim" to

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

"attack fraudulent conveyances"). Requiring KDIC to wait for recognition before challenging a fraudulent transfer would render the statute's protections meaningless, allowing debtors to dissipate assets with impunity during the recognition process.

2. *Defendant's Arguments are Improper at the Pleading Stage*

Unable to defeat Plaintiff's straightforward allegations, Defendant refers to outside documents, *i.e.* the recorded chain of title for the marital home. *See* Defendant Suh's Request for Judicial Notice ("RJN"), Exs. A-D. This attempt to go beyond the four corners of the Complaint fails at the threshold. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Although the Court may do so only when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim[,]" the Complaint never referred to or relied on the title record for the marital home. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)

Even if the Court should take judicial notice of the title records, the documents do not help Defendant's argument. *First*, while the Court may take judicial notice of the existence and contents of recorded documents, it may not accept disputed facts within those documents or draw contested inferences from them. *See Khoja*, 899 F.3d 988, 999-1003 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The legal effect of these deeds on Suh's property interest is a disputed factual and legal question, not a subject appropriate for judicial notice.

*Second*, well-established California law provides that the form of title record do not control the characterization of property between spouses. Under the California Family Code, "[a] transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected."

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

Cal. Fam. Code § 852(a). Such express declaration takes precedence over the form of title. *See In re Marriage of Valli*, 58 Cal.4th 1396, 1404-1407. Whether any of the documents supplied by Defendants constitute a valid "express declaration" within the meaning of Cal. Fam. Code § 852(a) is a question of fact.

*Third*, Defendant's documentary submissions undermine her own position. Exhibits A and B of the RJN indicate that the two Defendants acquired the marital home during their marriage, triggering the presumption of communal property under California Family Code § 760. Also, Exhibit D shows that Suh executed a separate Grant Deed on March 21, 2026, in connection with the sale. If Suh had no property interest in the marital home, as she contends, there would have been no reason for her to execute a separate conveyancing instrument. The very fact that Suh's signature was required—and that she executed a deed transferring whatever interest she held—supports the inference that she possessed an interest capable of transfer.

Unable to resolve these points, Defendant simply waves her hand at them, arguing that the Complaint "does not allege facts explaining why the deed constituted the transfer of her alleged community property interest rather than serving some other legal purpose associated with the closing." Motion at 10. Defendant further argues that the Complaint "never addresses the obvious alternative explanation for Debbie Suh's execution of the deed, that it was executed in the ordinary course of the real estate transaction to satisfy title or escrow requirements." *Id.* at 11.

Once again, Defendant cites absolutely no law for these arguments, because that is not the law. Plaintiff is under no obligation to plead every factual point in anticipation of Defendant's alternative factual explanation. At most, Defendant's argument is a factual defense that does not affect the validity of the Complaint. *See Starr*, 652 F.3d at 1216 (where both plaintiff's and defendant's explanations are plausible, complaint survives Rule 12(b)(6) challenge).

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

### C. The Complaint Adequately Alleges Defendant Suh's Actual and Constructive Intent

#### 1. *The Complaint Adequately Alleges Actual Intent to Hinder, Delay or Defraud*

Defendant argues that the Complaint "does not plead sufficient factual matter" to establish an actual intent to hinder, delay or defraud. Motion at 14. At the same time, however, Defendant admits, as she must, that fraudulent intent under the UVTA may established through circumstantial evidence, or "badges of fraud." *See* Motion at 15; Cal. Civ. Code § 3439.04(b).

The Complaint, though concise, does allege multiple badges of fraud:

- The transfer was to an insider, because Suh transferred her interest to her husband. *See* Cal. Civ. Code § 3439.04(b)(1); Compl. at ¶¶ 22-23.
- The debtor retained possession or control of the property. Suh and Lee remain married. Compl. at ¶ 22. If the sale proceeds were characterized as Lee's separate property while the couple remained married, Suh plausibly retained the benefit of those funds. *See* Cal. Civ. Code § 3439.04(b)(2).
- Before the transfer, the debtor had been sued or threatened with suit. Suh was personally served in the Recognition Action on February 11, 2026—just six weeks before the transfer—after KDIC's process server made multiple unsuccessful attempts to serve her at the very property that was then sold. *See* Cal. Civ. Code § 3439.04(b)(4); Compl. at ¶ 20.
- The debtor was insolvent or became insolvent shortly after the transfer. The Complaint alleges insolvency. *See* Cal. Civ. Code § 3439.04(b)(9); Compl. at ¶ 27.
- The transfer occurred shortly before or after a substantial debt was incurred or enforcement was commenced. The transfer occurred approximately six weeks after service of the Recognition Action seeking to enforce a $1.24 million judgment. *See* Cal. Civ. Code § 3439.04(b)(10); Compl. at ¶¶ 2, 20-21.

Courts have consistently recognized that one or several badges of fraud suffice to raise an inference of fraudulent intent at the pleading stage. *See Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 834 (2005). Here, the Complaint pleads five recognized badges. That is more than sufficient to state a plausible claim of actual intent.

Here again, Defendant makes a totally law-free argument that the Complaint "pleads no facts demonstrating that Debbie Suh knew the legal status of the pending

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

recognition proceeding, understood what rights KDIC possessed in California at the time of the challenged transaction, or acted with the purpose of frustrating whatever enforcement rights KDIC may or may not ultimately establish through the pending Recognition Action." Motion at 16. As above, Plaintiff has no obligation to plead these facts. Further, this argument is directly contrary to Complaint's allegations that Suh was *personally served* in the Recognition Action on February 11, 2026. *See* Compl. at ¶ 20. Also, she litigated the underlying Korean debt through the South Korean Supreme Court. *See id*. ¶¶ 13, 16. These allegations are more than sufficient to establish the inference that she knew she faced a $1.24 million claim.

Defendant also argues that the Complaint is an "undifferentiated group pleading" that "does not plead facts establishing Debbie Suh's individual knowledge, intent or participation". Motion at 17. Again, Defendant cites no law in support. At any rate, the Complaint clearly identifies Suh as the debtor and transferor and Lee as the transferee and insider. *See* Compl. ¶¶ 22-23, 26-27. Both Defendants participated in a single joint transaction—the sale of their marital home and the characterization of its proceeds. It is neither surprising nor improper that the Complaint refers to both participants when describing a transaction that required both of their actions. Moreover, under the UVTA, the relevant intent is that of the debtor—here, Suh. Cal. Civ. Code § 3439.04(a)(1). The Complaint specifically alleges that Suh, as the debtor, participated in the transfer with intent to hinder, delay, or defraud KDIC. *See* Compl. at ¶¶ 23, 26. That is sufficient.

2. *The Complaint Adequately Alleges Constructive Intent for Fraudulent Transfer*

In addition to actual-intent fraud, the UVTA provides for constructive fraudulent transfer where the debtor made a transfer "without receiving a reasonably equivalent value in exchange" and was insolvent or became insolvent as a result. Cal. Civ. Code §§ 3439.04(a)(2), 3439.05. Unlike actual-intent fraud, constructive fraud requires no showing of intent whatsoever.

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

The Complaint alleges that Suh transferred her community property interest in a $2.2 million marital home and that the proceeds were characterized entirely as Lee's separate property, rendering Suh insolvent. *See* Compl. ¶¶ 22-23, 27. A spouse who gives up a community property interest in a $2.2 million home and receives nothing in return—because the proceeds are recharacterized as the other spouse's separate property—has plausibly not received "reasonably equivalent value."

Defendant argues that the Complaint fails to allege the sale price, encumbrances, or escrow distribution. But the details of the escrow and distribution of sale proceeds are peculiarly within Defendants' possession and control—precisely the type of allegation that information-and-belief pleading is designed to address. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). The Complaint's allegations are sufficient to state a plausible claim; the precise allocation of proceeds is a matter for discovery.

### D. The Common Law Fraudulent Conveyance Claim Is Equally Well-Plead

The Second Cause of Action for common law fraudulent conveyance rests on the same factual allegations. For the reasons set forth above, those allegations adequately state a claim. Defendant's arguments fail for the same reasons with respect to both causes of action.

### E. In the Alternative, Plaintiff Should Be Granted Leave to Amend

Should the Court find any deficiency in the Complaint, KDIC respectfully requests leave to amend. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

(granting leave to amend is to be applied with "extreme liberality.").

**IV. CONCLUSION**

For the foregoing reasons, Defendant Debbie Suh's Motion to Dismiss should be denied in its entirety.

Dated: October 5, 2026 KIBLER FOWLER & CAVE LLP

By: ______________________

MICHAEL D. KIBLER
SARAH MALIK
Attorneys for Plaintiff Korea Deposit Insurance Corporation

Kibler Fowler & Cave LLP
KF&C
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Korea Deposit Insurance Corporation certifies that this brief contains 3,228 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 5, 2026 KIBLER FOWLER & CAVE LLP

By: ______________________
MICHAEL D. KIBLER
SARAH MALIK
Attorneys for Plaintiff Korea Deposit Insurance Corporation

KF&C Kibler Fowler & Cave LLP
11100 Santa Monica Boulevard
Suite 600
Los Angeles, California 90025